IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 6, 2006 Session

# M. EILEEN LINGLE v. FORTIS HEALTH INSURANCE COMPANY

**Direct Appeal from the Chancery Court for Hamilton County**
**No.  03-0377     Hon. W. Frank Brown, III, Chancellor**

**No. E2006-00690-COA-R3-CV  - FILED MARCH 19, 2007**

The Trial Court granted defendant summary judgment on the ground that the medical bills incurred by plaintiff were excluded from coverage under the health insurance provided by defendant.  On appeal, we vacate the summary judgment and remand.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court vacated.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and SHARON G. LEE, J., joined.

Ronald J. Berke, Chattanooga, Tennessee, for appellant.

L. Marshall Albritton and Emily H. Wilburn, Nashville, Tennessee, for appellee.

## OPINION

In this action the issue is whether defendant was obligated under its health insurance coverage with the plaintiff to pay the medical and hospital bills for plaintiff's hip replacement.

The Trial Court granted defendant summary judgment on the basis that the pre-existing condition limitation contained in the medical certificate absolved it of any obligation to pay plaintiff's medical bills.  This provision provides:

We will not pay benefits for Covered Charges incurred due to a pre-existing

condition until you have been continuously insured under this plan for 12 months. After this 12 month period, benefits will be paid for a pre-existing condition on the same basis as any other condition unless the condition has been specifically excluded from coverage.

A preexisting condition is an Illness or Injury and related complications, not fully disclosed on the enrollment form, if during the 12 month period immediately prior to your effective date:

> you received medical treatment, diagnosis, consultation, or took Prescription Drugs for the condition; or

> the condition produced symptoms or was capable of being diagnosed.

The policy's effective date was July 16, 2002, and on August 8, 2002, plaintiff sought treatment at Spine Surgery Associates, P.C. She complained of pain in her lower back and thighs. The attending physician, David Lowry, D.O., noted the history of Ms. Lingle's condition: "About October of 2001, she started having increased pain in back, both legs, numbness and tingling. Patient states she has been tolerating pain and has not had any treatment since this started last year." Dr. Lowry diagnosed her with Spondylolisthesis, Spondylolysis, and Degenerative Disc Disease of the "Lumbar/Sacral Spine" as well as "Osteoarthritis Bilateral Hips." Dr. Lowry's treatment plan stated, "Refer patient to a general orthopedist for evaluation of hips. We will refer her to Dr. Bruce Short or Dr. John Nash at Chattanooga Bone and Joint."

Dr. Short evaluated plaintiff on August 23. The resulting medical record stated,

CHIEF COMPLAINT: Bilateral hip pain, right greater than left.

HISTORY OF PRESENT ILLNESS: This 52-year-old ambulatory white female presents with about a year history of bilateral hip pain, right greater than left. . . .

. . . .

X-RAYS: . . . These show severe degenerative joint disease with near complete loss of her cartilage clear space in both hips. . . .

IMPRESSION: Severe degenerative joint disease bilateral hips as described above. . . .

In subsequent correspondence with Dr. Lowry, Dr. Short described the history of plaintiff's illness as "an approximately one-year history of progressively worsening bilateral hip pain, right greater than left." On or about November 4, 2002, plaintiff underwent a right total hip replacement. Dr. Short performed the procedure. Fortis refused to pay for the procedure on the

grounds that the procedure treated a pre-existing condition under the terms of the Medical Certificate.

This action was filed on April 1, 2003, against Fortis, and asked the Court "to declare that the defendant must pay for both total hip replacements", along with pre-judgment interest, a 25% Bad Faith Penalty pursuant to T.C.A. § 56-7-105, and attorney fees.

On October 28, 2005, Fortis filed a Motion for Summary Judgment, arguing that the undisputed facts in the case showed that Fortis properly denied plaintiff's claims. Accompanying the Motion was an affidavit of Kenneth Beckman, M.D., Fortis's Chief Medical Officer. Upon review of plaintiff's medical records, Dr. Beckman concluded:

> These medical records document that Ms. Lingle's osteoarthritis produced significant symptoms prior to the effective date of coverage and that these symptoms were severe enough to limit her physical activities. Her condition was capable of being diagnosed within the one year period immediately preceding the effective date of coverage, July 16, 2002.

Plaintiff responded to Fortis's motion and filed an affidavit of Dr. Short, in which he concluded that Ms Lingle's condition was not pre-existing:

> According to the medical records and history as well as my examination and entire course of treatment, the hip problems of [Ms. Lingle] which caused me to do hip replacement surgery did not predate July 16, 2002. From all of the medical records, her history and my examination and entire course of treatment, her hip problem which resulted in my performing hip replacement surgery began in August 2002. From my review of the medical records, any prior complaints of pain in her hip were due to a back problem with referred pain. Ms. Lingle's hip problems which caused her to have hip replacement surgery did not pre-exist the medical coverage of Fortis . . . .

Responding to the Motion for Summary Judgment, the Trial Court entered an Order Granting defendant Summary Judgment.

"The standard of review of a summary judgment determination is *de novo* without any presumption of correctness accorded the trial court's judgment." *Guy v. Mutual of Omaha Ins. Co.*, 79 S.W.3d 528, 534 (Tenn. 2002). The appellate court's "only task in deciding a motion for summary judgment is to determine whether 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Id.* (quoting Tenn. R. Civ. P. 56.04). When making this determination, "[c]ourts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor." *Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 89 (Tenn. 2000). "If both

the facts and conclusions to be drawn therefrom permit a reasonable person to reach only one conclusion, then summary judgment is appropriate." *Seavers v. Methodist Med. Ctr. of Oak Ridge*, 9 S.W.3d 86, 91 (Tenn. 1999). "If, after such consideration, a genuine issue of fact remains for trial, or if there is doubt as to whether or not such genuine issue remains for trial, the summary judgment must be overruled." *Buddy Lee Attractions, Inc. v. William Morris Agency, Inc.*, 13 S.W.3d 343, 347 (Tenn. Ct. App. 1999).

While the doctors' affidavits reached opposite conclusions, Fortis argues that Dr. Short's affidavit is not sufficiently specific to raise a genuine issue of material fact.

As the moving party, Fortis held "the burden of demonstrating to the court that there are no disputed, material facts creating a genuine issue for trial . . . and that [it] is entitled to judgment as a matter of law." *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993). Fortis's argues the Pre-existing Conditions Limitation in the Certificate relieved it of any obligation to pay the medical expenses. In support of its motion, Fortis filed a copy of the Medical Certificate, plaintiff's medical records from Spine Surgery Associates and Chattanooga Bone and Joint Surgeons, and Dr. Beckman's affidavit. Dr. Beckman's affidavit stated that plaintiff was diagnosed with "osteoarthritis of the bilateral hips" and that "osteoarthritis is a chronic, degenerative joint disease, occurring over a period of time, and characterized by several things, including chronic deterioration of the joint cartilage." The doctor concluded that plaintiff's osteoarthritis produced symptoms prior to the effective date of coverage and could have been diagnosed prior to that date. He based his conclusion upon his review of plaintiff's medical records from Spine Surgery Associates and Chattanooga Bone and Joint Surgeons. Fortis' Motion and its contents established an affirmative defense that could defeat plaintiff's claim.

Because Fortis presented a properly supported motion,[1] the burden shifted to plaintiff "to set forth specific facts, not legal conclusions, by using affidavits or the discovery materials listed in Rule 56.03, establishing that there are indeed disputed, material facts creating a genuine issue that needs to be resolved by the trier of fact and that a trial is therefore necessary." *Byrd*, 847 S.W.2d at 215. Plaintiff could satisfy this burden by

> (1) pointing to evidence overlooked or ignored by the moving party that establishes a material factual dispute, (2) by rehabilitating the evidence attacked in the moving party's papers, (3) by producing additional evidence showing the existence of a genuine issue for trial, or (4) submitting an affidavit explaining why further discovery is necessary as provided for in [Tenn. R. Civ. P., Rule 56.06].

*Id.* at 215 n.6 (Tenn R. Civ. P., Rule 56.06 was renumbered as Rule 56.07 effective July 1, 1997). "The evidence offered by [Ms. Lingle] must be taken as true." *Id.* at 215.

---

[1] A moving party may demonstrate entitlement to a judgment as a matter of law by "conclusively establish[ing] an affirmative defense that defeats the nonmoving party's claim." *Byrd*, 847 S.W.2d at 215 n.5.

Plaintiff's response was to produce Dr. Short's affidavit. He concluded that plaintiff's "hip problems . . . did not predate July 16, 2002" and that "any prior complaints of pain in her hip were due to a back problem with referred pain." Fortis argues that Dr. Short's reference to "hip problems" is not sufficiently specific to dispute Dr. Beckman's conclusion that plaintiff's osteoarthritis produced symptoms prior to the effective date of coverage and could have been diagnosed prior to that date. Although Dr. Short's affidavit does not specifically mention "osteoarthritis of the bilateral hips," we are required to view his affidavit in the light most favorable to plaintiff and to draw all reasonable inferences in plaintiff's favor. *Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 89 (Tenn. 2000). Accordingly, we must infer that "hip problems" include "osteoarthritis of the bilateral hips"; therefore, Dr. Short's affidavit does dispute Dr. Beckman's conclusion. Fortis also argues that "the statements in Dr. Short's affidavit are illogical in light of his own records." This argument goes to the weight or credibility of Dr. Short's statements, but the summary judgment procedure is not the appropriate mechanism to evaluate the weight of evidence or credibility of witnesses. *Byrd*, 847 S.W.2d at 216.

Fortis further argues that Dr. Short's affidavit does not address facts in the record; therefore, under *Omni Aviation v. Perry*, 807 S.W.2d 276 (Tenn. Ct. App. 1990), the affidavit should be disallowed. In *Omni*, the issue was whether the defendants negligently allowed an aircraft to run out of fuel and crash. *Id.* at 280. The defendants supported their motion for summary judgement with a detailed affidavit showing that the aircraft had not run out of fuel at the time of the crash. *Id.* The plaintiff opposed the motion and filed an expert's affidavit concluding that the aircraft crashed because it ran out of fuel. *Id.* The expert's conclusion was partially based upon facts with no foundation in the record. *Id.* at 281. Therefore, this Court concluded that the expert's affidavit was properly disallowed because the facts underlying the expert's opinion indicated a lack of trustworthiness. *Id.* In contrast, the facts underlying Dr. Short's conclusions do not indicate a lack of trustworthiness. Dr. Short based his conclusion upon the same medical records used by Dr. Beckman as well as records produced by additional treating physicians. Dr. Short's conclusions were also based upon his personal experience as the plaintiff's treating physician.

Thus, Dr. Beckman and Dr. Short disputed two facts: whether Ms. Lingle's condition could have been diagnosed prior to the effective date of coverage and whether her condition produced symptoms prior to that date. These disputed facts are material because they both must be decided in order to resolve the substantive legal issue, i.e., whether the Pre-existing Conditions Limitation protects Fortis from liability. *Byrd*, 847 S.W.2d at 215 ("A disputed fact is material if it must be decided in order to resolve the substantive claim or defense at which the motion is directed."). Deciding these disputes will necessarily require weighing the evidence and determining the which of the doctors' testimony is more credible. "[W]hen the credibility of witnesses is an integral part of the factual proof, or when evidence must be weighed, a trial is necessary because such issues are not appropriately resolved on the basis of affidavits." *Id.* at 216. Accordingly, under these circumstances, summary judgment was not appropriate.

We vacate the Judgment of the Trial Court and remand, with the cost of the appeal

assessed to Fortis Health Insurance Company.

_____
HERSCHEL PICKENS FRANKS, P.J.